1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROCKY MEL CONTRERAS, | ) | 1:09cv0087 OWW DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| ERNIE MORENO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rocky Mel Contreras, appearing pro se and proceeding in forma pauperis, filed this civil rights and employment discrimination action on January 14, 2009.  He names Ernie Moreno and Albright Electric, Inc., as Defendants.

### DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

1    In reviewing a complaint under this standard, the Court must accept as true the allegations

2  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

3  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

4  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

5  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6    Fed. R. Civ. P. 8(a) provides:

7    A pleading which sets forth a claim for relief, whether an original claim, counterclaim,
    cross-claim, or third-party claim, shall contain (1) a short and plain statement of the
8    grounds upon which the court's jurisdiction depends, unless the court already has
    jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
9    and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
    demand for judgment for the relief the pleader seeks. Relief in the alternative or of
10   several different types may be demanded.

11   A complaint must contain a short and plain statement as required by Fed. R. Civ. P.

12  8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

13  notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

14  Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of

15  particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

16  Although a complaint need not outline all elements of a claim, it must be possible to infer from

17  the allegations that all elements exist and that there is entitlement to relief under some viable

18  legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);

19  Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

20  B.    Plaintiff's Allegations

21    Plaintiff's one-page complaint is severely lacking in details. He appears to be alleging

22  claims for gender discrimination under Title VII of the Civil Rights Act of 1964, and violations

23  of his civil rights under 42 U.S.C. § 1983. Plaintiff names both Ernie Moreno and Albright

24  Electric, Inc. in the caption of the complaint, and alleges that "Ernie Moreno (Foreman)

25  representative of Albright Electric, Inc." violated Title VII and Plaintiff's equal protection and

26  due process rights.

27    Although Plaintiff cites to numerous cases, his factual allegations are sparse. His sole

28  allegation is that "Defendant threatened [him] and is preventing [him] from entering a public

2

parking area."  Plaintiff alleges that he has suffered "mentally and emotionally due to the

Defendant's threat and abuse of [his] federally protected rights."

C.    Analysis

Plaintiff's Complaint is deficient under Rule 8, which requires enough factual detail to

give Defendants fair notice of the allegations against them.  Plaintiff provides only a vague, one-

sentence explanation of his claim, which insufficient to apprise Defendants of his claims.

However, Plaintiff will be given an opportunity to amend, as discussed below.

The vagueness of Plaintiff's complaint also prevents the Court from thoroughly screening

his claims.  The Court therefore provides Plaintiff with the following legal standard to assist him

in amending his complaint.  Plaintiff should carefully review the standards and amend only those

claims that he believes, in good faith, are cognizable.

1.    *Title VII Action*

Title VII of the Civil Rights Act of 1964 provides as follows:

(b) Employment agency practices

It shall be an unlawful employment practice for an employment agency to fail or refuse to
refer for employment, or otherwise to discriminate against, any individual because of his
race, color, religion, sex, or national origin, or to classify or refer for employment any
individual on the basis of his race, color, religion, sex, or national origin.

42 U..S.C. § 2000e-2(b).

A prima facie case of discrimination requires that Plaintiff (1) show a significant

disparate impact on a protected class, (2) identify specific employment practices or selection

criteria and (3) show the causal relationship between the identified practices and the impact.

Donoghue v. Orange County, 848 F.2d 926, 932 (9th Cir. 1987).

Insofar as Plaintiff is attempting to allege a hostile work environment based on gender, a

prima facie case requires proof that (1) he was subjected to verbal or physical conduct because of

his gender; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or

pervasive to alter conditions of his employment and create an abusive work environment.

Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir.1998).

3

1    Plaintiff is further advised that Title VII has an exhaustion requirement.  A person

2    seeking relief under Title VII must first file a charge with the Equal Employment Opportunity

3    Commission ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the

4    person initially instituted proceedings with the state or local administrative agency, within 300

5    days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  If the EEOC does

6    not bring suit based on the charge, the EEOC will issue a "right to sue letter."  42 U.S.C. §

7    2000e-5(f)(1).  Once a person received this letter, he has 90 days to file suit.  42 U.S.C. §

8    2000e-5(f)(1).

9    Although Plaintiff states in a separate filing that he attached the Notice of Right to Sue

10   letter to his complaint, the Notice is not attached.  Without the letter or related allegations, the

11   Court cannot determine whether Plaintiff exhausted a Title VII claim.

12       2.    *42 U.S.C. § 1983 Claims*

13   Plaintiff cannot state a civil rights claim under section 1983 because Defendants are not

14   government actors.  To state a claim under section 1983, a plaintiff must allege that (1) the

15   defendant acted under color of state law and (2) the defendant deprived him of rights secured by

16   the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

17   2006).  There is no indication that Defendants were acting under color of state law.  It therefore

18   appears that Plaintiff cannot state a section 1983 claim against these Defendants.

19                                   **ORDER**

20   For these reasons, Plaintiff's complaint must be dismissed.  He will be given an

21   opportunity to amend his complaint, however, to correct these deficiencies.  Again, Plaintiff

22   should only amend those claims that he believes, given the above standards, are cognizable.

23   Plaintiff must submit an amended complaint within thirty (30) days.  Failure to do so will result

24   in a recommendation that this action be dismissed.

25   Plaintiff is reminded that an amended complaint supercedes the original complaint,

26   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

27   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

28   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

4

1  original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d

2  at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

3  <u>Forsyth</u>, 114 F.3d at 1474.

4

5       IT IS SO ORDERED.

6  **Dated:    January 20, 2009**          _____ **/s/ Dennis L. Beck** _____
                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5