# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROCKY MEL CONTRERAS, | ) | 1:09cv0087 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| ERNIE MORENO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Rocky Mel Contreras ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed this civil rights and employment discrimination action on January 14, 2009, naming Ernie Moreno and Albright Electric, Inc., as Defendants.

    On January 20, 2009, the Court dismissed Plaintiff's complaint with leave to amend. The Court explained, in detail, the legal standards for Plaintiff's alleged claims and provided instruction for filing an amended complaint. The Court explained the elements of a Title VII action as well as Plaintiff's inability to state a claim under 42 U.S.C. § 1983 against Defendants, who are private individuals/corporations. The Court gave Plaintiff thirty (30) days to amend his complaint and reminded that an amended complaint supercedes the original complaint and must be complete in itself.

    On January 26, 2009, Plaintiff filed a document entitled, "Motion to Amend." The Court disregarded the motion and declined to construe the filing as Plaintiff's amended complaint. In

1

its February 2, 2009, order, the Court explained that Plaintiff, who was attempting to add new causes of action, must file an amended complaint clearly labeled as such and written in light of the January 20, 2009, order.

On February 9, 2009, Plaintiff filed a document entitled, "Motion to Amend as Reply to Judge's Order Dated: Feb-02-2009." For the reasons discussed below, the Court recommends that this action be dismissed without leave to amend.

## DISCUSSION

A.   Failure to Follow Court Order

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;

1  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
2  46 F.3d at 53.
3      In the instant case, the Court finds that the public's interest in expeditiously resolving this
4  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case
5  has been pending since January 14, 2009, and Plaintiff has been given multiple opportunities to
6  correct the deficiencies in his complaint.  The third factor, risk of prejudice to defendants, also
7  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
8  unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
9  1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
10 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a
11 party that his failure to obey the court's order will result in dismissal satisfies the "consideration
12 of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;
13 Henderson, 779 F.2d at 1424.  The Court's January 20, 2009, order requiring Plaintiff to file an
14 amended complaint expressly stated: "Failure to do so will result in a recommendation that this
15 action be dismissed."  Thus, Plaintiff had adequate warning that dismissal would result from his
16 noncompliance with the court's order.
17     In this action, Plaintiff has failed to comply with two Court orders- the January 20, 2009,
18 order dismissing the complaint with leave to amend and the February 2, 2009, order explaining
19 why his "Motion to Amend" was insufficient to act as an amended complaint.  To date, he has
20 not filed a clearly labeled amended complaint that complies with the January 20, 2009, screening
21 order.  The allegations stated in his most recent filing continue to allege a 42 U.S.C. § 1983 claim
22 against Defendants and again attempts to add new claims.  Accordingly, because Plaintiff has
23 been given multiple opportunities to amend and has failed to do so, the Court recommends that
24 the action be dismissed for Plaintiff's failure to follow Court orders.
25 B.     Allegations
26     Even assuming that Plaintiff meant for his February 9, 2009, filing to act as his amended
27 complaint, he continues to ignore the Court's January 20, 2009, screening order and attempts to
28 add allegations that do not state a claim.

1.     Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

2.     Plaintiff's Allegations

Plaintiff's claims are based on his allegations that Defendants refused to allow him to have lunch with his girlfriend, who works for Defendant Albright Electric, Inc., in a public parking lot. He further explains that this action is derived from "retaliation towards my girlfriend and I, by Ernie Moreno and Albright Electric Inc. because she 'whistle blower' against sexual harassment towards and/or against her in the workplace. . ." Motion, at 2.

Plaintiff continues to allege that Defendants Ernie Moreno and Albright Electric, Inc., violated 42. U.S.C. § 1983 by discriminating against him and depriving him of his rights. He further alleges a violation of his "right to free passage" under 43 U.S.C. § 1063 and various violations of federal criminal statutes.

3.     Analysis

*42 U.S.C. § 1983*

As previously explained, Plaintiff cannot state a civil rights claim under section 1983 because Defendants are not government actors. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived

him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  There is no indication that Defendants were acting under color of state law and Plaintiff is therefore unable to state a section 1983 claim against these Defendants.

*43 U.S.C. § 1063*

This section provides:

> No person, by force, threats, intimidation, or by any fencing or inclosing, or any other unlawful means, shall prevent or obstruct, or shall combine and confederate with others to prevent or obstruct, any person from peaceably entering upon or establishing a settlement or residence on any tract of public land subject to settlement or entry under the public land laws of the United States, or shall prevent or obstruct free passage or transit over or through the public lands: Provided, This section shall not be held to affect the right or title of persons, who have gone upon, improved, or occupied said lands under the land laws of the United States, claiming title thereto, in good faith.

43 U.S.C. § 1063.  This section, enacted in 1885, provides a *criminal* remedy for violations relating to public lands.  43 C.F.R. § 9260, et seq.; 43 U.S.C. § 1064 (any person violating provisions of chapter "shall be deemed guilty of a misdemeanor and fined in a sum not exceeding $1,000, or be imprisoned not exceeding one year, or both, for each offense.").

Accordingly, Plaintiff cannot state a civil cause of action under this statute.

*Title VII*

Section 2000e-3(a) prohibits an employer from discriminating "against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

This section, then, only applies to an employee or applicant for employment.  Here, only Plaintiff's girlfriend, who is not a party to this action, was employed by Defendants.  Plaintiff was neither an employer of Defendants nor an applicant for employment with Defendants.  Accordingly, he cannot state a claim under this section.

///

///

5

*Various Criminal Statutes*

Finally, Plaintiff attempts to state causes of action under 18 U.S.C. §§ 1512 and 1506. However, these sections, which prohibit tampering with witnesses and court proceedings, provide for criminal violations, not civil causes of action. Accordingly, Plaintiff is unable to state a cause of action under these statutes.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 26, 2009**              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE